## Commonwealth v. Kumitis

*Albert Kumitis*, p. p. for petitioner.

KREISHER, P. J., November 15, 1950.—And now, upon presentation and after due consideration, the within petition for a writ of error coram nobis and the prayer thereof requesting the court to issue said writ so that the facts in issue may be determined by the review sought, be and the same is hereby denied for the reasons hereinafter stated.

In Commonwealth v. Pfeiffer, 46 D. & C. 275, Crumlish, J., on page 279, states:

"In these days, a writ of coram nobis (or coram vobis) resident may be defined as follows: A common-

law writ issuable out of a court of record, in the absence of adequate statutory remedy, and directed to the judges thereof to review and cause to be corrected, after term time, a judgment entered therein, because of some error of fact not appearing on the face of the record, which error was not due to fault on the part of the court, or of the party seeking relief, or which was not made known because of fraud or duress, and which would have prevented the entry of the judgment."

In Commonwealth v. Grab, 54 D. & C. 233, on pages 235 and 236, it is stated:

"The writ of error coram nobis is an unusual remery and is to be used only in the particular circumstances for which it is designed. The law favors a finality in legal proceedings, and for this reason a court ordinarily cannot disturb a judgment after the expiration of the term in which it is entered, and for the same reason the time within which an appeal to a higher court may be taken is definitely limited. An exception to the rule that the court cannot disturb a judgment after term is in the use of the writ of error coram nobis.

" '. . . the true rule governing the use of the writ is . . . : "The writ of error coram nobis is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication, made while some fact existed which if before the court would have prevented the rendition of the judgment, and which without any fault or negligence of the party was not presented to the court," ' : Commonwealth v. Harris, 351 Pa. 325, 329 (1945).

"It is not to be used as a substitute for a motion for a new trial on the ground of after discovered evidence, although it has many of the features of such motion, or to enable the defendant to resubmit his case on a different legal theory than that presented at the trial."

From an examination of the within petition, keeping in mind the foregoing principles, it is obvious that the petition is fatally defective.

On the first page of the petition the question involved is stated as follows: "The record clearly reveals that fraud and perjury was knowingly used by the district attorney to obtain the conviction." The petition then proceeds to set forth in the body of the petition excerpts from the notes of testimony taken at the trial with respect to certain exhibits that were admited in evidence, contending that the admission of these exhibits was error. Applying the above quoted definition to this state of facts, it is apparent that petitioner has failed to set forth some error of fact not appearing on the face of the record.

This case was tried before a jury and defendant was found guilty on December 7, 1944. On a motion for a new trial this court, after argument, reviewed the case and the law relative thereto, and in a written opinion filed September 9, 1949, denied the motion. Defendant in this case filed a petition for a writ of habeas corpus with the Supreme Court of Pennsylvania and in a per curiam order filed December 6, 1949 (unreported), the petition was dismissed, the rule discharged and defendant directed to raise the matters complained of by appeal to the Superior Court. Thereupon defendant appealed this case to the Superior Court of Pennsylvania, and after a complete review of the facts and the law, in an opinion by Dithrich, J., filed on July 20, 1950, reported in 167 Pa. Superior Ct. 184, the appeal was dismissed, all the assignments of error overruled and the judgment of the lower court affirmed.

Therefore, since we are unable to find any fact stated in the petition which, if before the court upon the trial would have prevented the rendition of the judgment, and since we are unable to find anything in the petition that would justify the court in disturb-

ing the judgment already rendered and passed upon by the appellate courts, we conclude it is our duty to deny the writ requested.